Commonwealth *v.* Leyo, Appellant.

Argued June 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David L. Baird,* with him *Baird, McCamley & Miller,* for appellant.

*John K. Reilly, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant operates a small supermarket employing approximately nineteen employees. In addition to selling fresh meats, produce and groceries, appellant also operates a bake shop on the premises and bakes bread, rolls, cakes and pastries. There is also a delicatessen department selling food which is cooked and prepared on the premises and is ready for immediate consumption. No portion of the premises is used as a restaurant or food counter, and no provision is made for consuming food on the premises.

An information was filed against appellant charging him with violation of The Penal Code because he sold fresh meats, produce and groceries on Sunday. The statute he was charged with violating provides, in pertinent part: "Whoever engages in the business of selling or otherwise dealing at retail in fresh meats, produce and groceries on Sunday [is guilty of a summary offense]. This section shall not apply to any retail establishment employing less than ten persons or to any retail establishment where fresh meats, produce and groceries are offered or sold by the proprietor

or members of his immediate family or employing less than ten persons *nor shall it apply to any retail establishment where food is prepared on the premises for human consumption.* Act of June 24, 1939, P.L. 872, §699.15, added September 27, 1961, P.L. 1965, §1, 18 P.S. 4699-15 [Emphasis added.] Appellant contended below that since food is prepared on the premises for sale through the delicatessen and bakery departments, his supermarket is exempt as a "retail establishment where food is prepared on the premises for human consumption." The lower court disagreed. From judgment of sentence, this appeal then followed.

The Commonwealth concedes that had appellant merely operated his bakery and delicatessen departments on Sunday, he would not have been guilty of the offense. However, it argues that when in addition to those two departments, appellant opened his entire establishment to the public for retail sales on Sunday, he violated the Act. Otherwise stated, the Commonwealth argues that the operation of the bakery and delicatessen departments did not exempt the entire establishment under the exemption noted above.

This statute, being penal in nature, must, of course, be strictly construed. Statutory Construction Act, Art. IV, §50, Act of May 28, 1937, P.L. 1019, 46 P.S. §557; The Penal Code, §1104, Act of June 24, 1939, P.L. 872, 18 P.S. §5104. In my opinion, a plain reading of the words of the statute, even without a strict construction of the statute, supports the reading urged upon us by appellant.

It should be noted that the Act is directed against the selling of fresh meats, produce and groceries on Sunday. The applicable exemption in this case does not merely permit *persons* to sell food which is prepared on the premises for human consumption. Rather it exempts from prosecution any *establishment* where food is prepared on the premises. Moreover, the Act does

not suggest that such exempted establishments may only sell food which is prepared on the premises. The exemption, by its language, protects the establishment as a whole rather than just the type of food it sells. Had the legislature intended that the exemption attach only to certain foods, rather than to the retail establishment as a whole, it could easily have so stated. The most reasonable interpretation which may be ascribed to words of the Act, therefore, is that the prohibition against Sunday sales of fresh meats, produce and groceries does not apply to any retail establishment which, while engaged in such sales also sells food prepared on the premises for human consumption.

This was the conclusion reached by President Judge SATTERTHWAITE of Bucks County in *Commonwealth v. McChesney*, 41 Pa. D. & C. 2d 378, 384-385 (1966), where he stated: "[I]t should be . . . noted that the statutory exception relates to the 'retail establishment' wherein food is prepared, without limit or qualification (in this case, therefore, it would embrace the Shop-Rite Market as a whole), so that if the 'establishment' qualifies for exclusion, the prohibition of *this* statute . . . has no application whatsoever. Accordingly, because of the manner in which the legislature has chosen to phrase this type of Sunday sales restriction or regulation, a qualifying establishment may, nevertheless, sell fresh meat, produce and groceries on that day; generally, it is not confined merely to those items of food prepared on the premises for human consumption." [Original emphasis.]

The Commonwealth relies most heavily on the opinion of the Supreme Court of Pennsylvania in *Bertera's Hopewell Foodland, Inc. v. Masters*, 428 Pa. 20, 236 A. 2d 197 (1967), appeal dismissed, 390 U.S. 597, 88 S. Ct. 1261 (1968). *Bertera*, however, dealt only with the constitutionality of the statute. While there are dicta in various of the opinions indicating the interpre-

tation given to this statute by several of the Justices, no clear cut opinion in this regard emerges. Accordingly, in the absence of any binding interpretation of the instant exemption by the Supreme Court, I would hold that appellant falls within the exemption and that the judgment against him should be reversed.

SPAULDING, J., joins in this dissenting opinion.